UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

        - against –

TIMOTHY GLOVER,

            Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

23 CR 438 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendant Timothy Glover ("Glover" or "defendant"), a convicted felon, is charged with five violations of 18 U.S.C. § 922(g)(1),[1] for possession of: (1) six 9mm caliber shell casings on or about January 24, 2023 ("Count One"); (2) two 9mm caliber shell casings on or about May 28, 2023 ("Count Two"); (3) one 9mm caliber shell casing on or about July 21, 2023 ("Count Three"); (4) "multiple rounds of 9mm ammunition" on or about August 15, 2023 ("Count Four"); and (5) "a Smith & Wesson handgun" on or about August 15, 2023 ("Count Five").  ECF No. 6 ("Ind.") ¶¶ 1-5.

    Before the Court is defendant's motion to dismiss the indictment, ECF No. 19,[2] on the grounds that Counts One through

---

[1] 18 U.S.C. § 922(g)(1) prohibits "any person" "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "possess[ing]" "any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] Defendant filed a memorandum of law in support of his motion on October 4, 2024.  ECF No. 20.  The Government filed its opposition on October 25, 2024, ECF No. 21, and defendant filed his reply on November 7, 2024, ECF No. 22.

-1-

Four are multiplicative of Count Five, ECF No. 20 ("Def. Mem.") at 5-7, and further, that all counts involving U.S.C. § 922(g)(1) violate his Second Amendment rights, id. at 7-15.  The Government opposes this motion.  See ECF No. 21.  For the following reasons, defendant's pre-trial motion is denied in full.

## BACKGROUND

It is undisputed that Glover is a convicted felon to whom 18 U.S.C. § 922(g)(1) applies.  In 2019, he pled guilty to criminal mischief in the second degree, in violation of New York Penal Law § 145.10.  See ECF No. 1 (Compl.) ¶ 21(a).  In 1994, he pled guilty to three counts of attempted robbery in the first degree, in violation of New York Penal Law § 160.15.  Id. ¶ 21(b).  In 1993, he pled guilty to criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16 and criminal possession of narcotics in the fourth degree, in violation of New York Penal Law § 220.09.  Id. ¶ 21(c).

The charges in this case follow three shootings in the Bronx and a search of defendant's home.[3]  Specifically, on January 24, 2023, police responded to reports of shots being fired on East 211th Street in the Bronx, and the six 9mm shell casings recovered at the scene provide the basis for Count One.  Compl. ¶ 6; Ind. ¶

---

[3] The background of this case is set out in the Complaint, ECF No. 1, and the Indictment, ECF No. 6.

1.  On May 28, 2023, surveillance video allegedly captured defendant firing two shots in the air on Radcliff Avenue in the Bronx, and the two 9mm caliber shell casings recovered at the scene provide the basis for Count Two.  Compl. ¶ 9; Ind. ¶ 2.  On July 21, 2023, surveillance video allegedly captured defendant firing one shot in the air near Radcliff Avenue in the Bronx, and the ammunition recovered at the scene provides the basis for Count Three.  Compl. ¶¶ 11, 16; Ind. ¶ 3.  On August 15, 2024, police searched defendant's home, recovering multiple rounds of ammunition, the basis for Count Four, and a silver Smith & Wesson handgun, the basis for Count Five.  Def. Mem. at 4; Ind. ¶¶ 4-5.

## **DISCUSSION**

As stated earlier, defendant moves to dismiss Counts One through Four as multiplicative of Count Five and the entire indictment as violating his Second Amendment rights.  Neither argument warrants dismissal.

### I. **Multiplicity**

An indictment is multiplicitous if it "charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." United States v. Kerley, 544 F.3d 172, 178 (2d Cir. 2008) (citations and quotation marks omitted).  Multiplicity violates the Double

Jeopardy Clause of the Fifth Amendment,[4] which "protects against multiple punishments for the same offense."  <u>United States v. Ahmed</u>, 94 F. Supp. 3d 394, 433 (E.D.N.Y. 2015) (citations omitted).

Applying the multiplicity doctrine, a "convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a single violation of § 922(g)." <u>United States v. Olmeda</u>, 461 F.3d 271, 280 (2d Cir. 2006). However, "multiple charges may well be warranted if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites." <u>Id.</u>

Defendant argues that the indictment here is multiplicitous in two ways.  First, he contends that Counts One through Three are multiplicative of each other because there is no allegation that the defendant acquired the ammunition separately. Def. Mem. at 5-6.  Second, he claims that Counts One through Four are multiplicative of Count Five because there are no allegations that defendant acquired the ammunition (Count Four) and handgun (Count Five) separately from the ammunition charged in Counts One through Three.  <u>Id.</u> at 6-7.

---

[4]   The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.

These arguments are premature, as they presume facts yet to be established. For example, whether defendant acquired the ammunition charged in Count One separately from the ammunition charged in Count Two is currently unknown. Thus, there is no issue for the Court to resolve at this juncture. See, e.g., United States v. Mostafa, 965 F. Supp. 2d 451, 464 (S.D.N.Y. 2013) ("[M]ultiplicity is properly addressed by the trial court at the sentencing stage.") (citations omitted).

Moreover, the Double Jeopardy Clause does not protect a defendant at this preliminary stage. "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." United States v. Josephberg, 459 F.3d 350, 355 (2d Cir. 2006); see also United States v. Jahedi, 681 F.Supp.2d 430, 436 (S.D.N.Y. 2009) ("[A] defendant's Double Jeopardy rights are only at risk upon conviction on more than one multiplicitous count. If this occurs, the proper remedy is for the district court to enter judgment on only one of the multiplicitous convictions."). "[C]ourts in this Circuit have routinely denied pre-trial motions to dismiss potentially multiplicitous counts as premature." United States v. Scully, 108 F. Supp. 3d 59, 121 (E.D.N.Y. 2015) (collecting

cases).[5]  Defendant's motion as to multiplicity is denied as premature.

## II. Constitutionality of 18 U.S.C. 922(g)(1)

Defendant asserts that 18 U.S.C. § 922(g)(1) is unconstitutional facially and as applied to him. Def. Mem. at 7-15. Defendant's motion is one of many filed in this District and throughout the country challenging the constitutionality of the statute following the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022).

This Court has recently held that 18 U.S.C. § 922(g)(1) is constitutional both facially and as applied to a defendant with a prior felony conviction for a drug offense. See United States v. Shaw, 24-cr-75 (NRB), ECF No. 20 (S.D.N.Y. Sept. 5, 2024). In Shaw, the Court found that "there is no basis for an as-applied challenge due to the nature of defendant's prior crimes." Id.[6] Defendant acknowledges the Shaw decision but maintains his argument "for preservation purposes." ECF No. 22 at 3. Given defendant's tacit admission that there are no distinguishing

---

[5]  Defendant urges the Court to address this issue now because multiplicative counts reduce defendants' negotiating power in plea agreements, increasing the pressure on defendants to plead. ECF No. 22 at 2. The short answer to this argument is that the Court does not involve itself in plea negotiations.

[6]  The defendant in Shaw was previously convicted of attempted first-degree robbery, in violation of New York Penal Law § 160.15, and criminal sale of a controlled substance, in violation of New York Penal Law § 220.39.

circumstances in his case, the Court finds no reason to depart from its previous holding in Shaw.

## CONCLUSION

For the foregoing reasons, this Court denies defendant's motion to dismiss the indictment without prejudice, and the Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 19.

Speedy Trial Time is excluded for fourteen days, between now and December 5, 2024, to enable defendant and his counsel to consider a course of action in light of this decision. The parties are directed to, no later than December 5, 2024, propose two mutually agreeable dates on a Tuesday or Thursday for a subsequent conference before the Court.

The Court finds that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Dated:    November 21, 2024
          New York, New York

_____
    NAOMI REICE BUCHWALD
    UNITED STATES DISTRICT JUDGE